IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 94-276 |
| v. | : | |
| NATHANIEL SWINT | : | CIVIL ACTION |
| Defendant. | : | NO. 98-5788 |

**DuBOIS, J.**                                                             **OCTOBER 25, 2005**

### MEMORANDUM

**I.  INTRODUCTION**

Presently before the Court is petitioner's Independent Action Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Savings Clause Seeking Modification of the July 17, 2000 Memorandum and Order Due to the Discovery of Facts Amounting to a Fundamental Injustice and/or an Unjust Judgment [hereinafter "Independent Action under Rule 60(b)"].

By Order dated July 17, 2000, this Court denied petitioner's Motion to Vacate, Set Aide or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Court must now decide whether the pending Independent Action under Rule 60(b) constitutes a second or successive habeas motion which requires that the petitioner, as a preliminary step, obtain an order from the Court of Appeals authorizing this Court to consider the motion.

1

For the reasons set forth below, the Court concludes that petitioner's Independent Action under Rule 60(b) must be construed as a second or successive habeas motion. Because petitioner has not obtained an order from the Court of Appeals authorizing this Court to consider the Independent Action under Rule 60(b), that action is dismissed without prejudice.

## II.   BACKGROUND

The Court sets forth only an abbreviated procedural history as pertinent to the pending Independent Action under Rule 60(b). A detailed factual and procedural history is included in the Court's previously reported opinions in this case. See United States v. Swint, 2000 U.S. Dist. Lexis 9959, at *2-8 (E.D.Pa. July 17, 2000) (post-conviction procedural history); United States v. Swint, 1996 U.S. Dist. Lexis 9552 (factual history and analysis of pro se post-trial motions).

This case arises out of the distribution of heroin and cocain which petitioner, Nathaniel Swint, obtained from an FBI Special Agent who had stolen massive quantities of drugs from the FBI's evidence control room. Count One of the indictment against petitioner charged that from in or about January 1994, through in or about March 1994, Swint conspired to distribute cocaine, a schedule II controlled substance, and heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 846. Count Two charged that between in or about January 1994, and in or about March 1994, Swint possessed, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). Count Three charged that between in or about January 1994, and in or about March 1994, Swint possessed, with intent to distribute, in excess of five hundred kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Four charged that from in or about April 1994, through in or about May 1994, Swint attempted to possess, with intent to distribute, in

excess of one kilogram of heroin, in violation of 21 U.S.C. § 846.

On February 24, 1995, a jury convicted Swint on all four counts. On September 26, 1996, this Court sentenced Swint to life imprisonment on Counts Two and Four, with sentences to run concurrently, and 250 months imprisonment on Counts One and Three, with sentences to run concurrently with each other and with the sentence imposed on Counts Two and Four.

After his conviction, Swint, who was active in his own defense, filed numerous post-verdict motions. All motions were denied by this Court, including a habeas motion under 28 U.S.C. § 2255. See United States v. Swint, 2000 U.S. Dist. Lexis 9959, at *2-8 (E.D.Pa. July 17, 2000). All appeals to the Third Circuit were rejected. These motions will be discussed in this Memorandum only to the extent necessary to explain the Court's ruling on the pending matter.

### III.   DISCUSSION

   A.   Petitioner's Independent Action Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Savings Clause Seeking Modification of the July 17, 2000 Memorandum and Order Due to the Discovery of Facts Amounting to a Fundamental Injustice and/or an Unjust Judgment

Petitioner seeks reconsideration of this Court's July 17, 2000 Order under the independent action provision of Federal Rule of Civil Procedure 60(b). The relief sought is based on the claim that the inability of petitioner's attorney to access the FBI computer drive, specifically its I-drive, deprived petitioner of a fundamentally fair trial. Specifically, petitioner argues that the FBI's I-drive would demonstrate that multiple government witnesses falsely testified at his trial. He makes this allegation notwithstanding the government's response to his

Freedom of Information Act request, which explained that "a search of the FBI Oklahoma Field Office I-drive system determined there are no records concerning you or your brother." Ex. 15. Petitioner claims that the FBI's "malicious and conscious behavior," Swint Aff. ¶ 1, violates Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

The Independent Action under Rule 60(b) raises issues similar to those presented by petitioner's previously filed Motion to Vacate, Set Aide or Correct his Sentence pursuant to 28 U.S.C. § 2255. In the § 2255 Motion, petitioner raised Brady and Giglio claims, alleging that the government violated his due process rights by failing to disclose exculpatory evidence.[1] These claims were rejected by the Court by Order dated July 17, 2000. United States v. Swint, 2000 U.S. Dist. Lexis 9959 (E.D.Pa. July 17, 2000). By Order dated October 29, 2001, the Court of Appeals denied petitioner's Application for a Certificate of Appealability on the ground that he failed to make "a substantial showing of a denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

B.  Standard for Bringing an Independent Action under Rule 60(b)

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P. Rule 60(b). The rule also provides that it "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." Fed. R. Civ. P. Rule 60(b). Defendant relies on the independent action provision of Rule 60(b) in his

---

[1] Although petitioner raises allegations about the FBI's I-drive for the first time in the Independent Action under Rule 60(b), the alleged Brady and Giglio violations are, at their core, the same issues raised in the § 2255 Motion.

submission.

An independent action is "available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998); id. at 46 ("Independent actions must, if Rule 60(b), is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judiciata.") (internal citations omitted).

Petitioner brings the Independent Action under Rule 60(b) to challenge this Court's July 17, 2000 Order more than five years after it was entered. With respect to the timeliness of the action, the Court notes that the one-year time bar does not apply to independent actions under Rule 60(b). See Averbach v. Rival Mfg. Co., 809 F.2d 1016 (3d Cir. 1987) ("[T]he one year time limit in the rule [60], by virtue of the rule's very text, does not apply to independent actions."); Fed. R. Civ. P. 60(b) Advisory Committee Note ("If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action. Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations."). However, because of the Court's disposition of the action, it need not address the timeliness issue.

   C. Applicability of the AEDPA Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Federal Rule of Civil Procedure 60(b)

Before reaching the merits of petitioner's Independent Action under Rule 60(b), the Court must determine whether petitioner's Independent Action under Rule 60(b) is, in essence, a second or successive 28 U.S.C. § 2255 habeas motion. Such a ruling is necessary because the

5

Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits a petitioner's ability to bring a second or successive habeas motion. A federal prisoner seeking to file a second or successive § 2255 habeas motion must, as a preliminary step, obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. See 28 U.S.C. § 2255.[2]

Both the Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion to vacate a judgment denying a habeas corpus under 28 U.S.C. § 2254 is construed as a second or successive habeas petition where the 60(b) motion seeks to challenge the underlying state conviction. See Gonzalez v. Crosby, 125 S.Ct. 2641 (June 23, 2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). This Court examines these recent cases to determine their applicability an Independent Action under Rule 60(b) challenging an underlying federal conviction.

At issue in Gonzalez v. Crosby was whether the petitioner could challenge the district court's prior ruling on the AEDPA statute of limitations through a Rule 60(b) motion after the federal courts had denied the petitioner habeas corpus relief from his state conviction under 28 U.S.C. § 2254. 125 S.Ct. at 2644-45. The Supreme Court held that the petitioner's Rule 60(b) motion was not the equivalent of a successive habeas petition because the motion attacked a

---

[2]Section 2255 of the AEDPA provides in pertinent part:

A second or successive motion must be certified as provided in [28 U.S.C] section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; . . . .

28 U.S.C. § 2255.

defect in the integrity of the federal habeas proceedings, not the substance of the federal court's resolution of the claim on the merits. 125 S.Ct. at 2648. The Court held that a district court could rule on such a Rule 60(b) motion without precertification by the court of appeals. Id. at 2651. However, the Court cautioned that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at 2647 (citing § 2244(b)(2)).

     The Gonzalez Court limited its holding to 28 U.S.C. § 2254 habeas proceedings which govern federal habeas relief for prisoners convicted in state court. Id. at 2646 n.3. The Gonzalez Court declined to determine whether a Rule 60(b) motion, filed to challenge a federal court's previous determination of the constitutionality of a federal conviction under 28 U.S.C. § 2255, must be considered a second or successive habeas petition. The Court stated: "Although that portion of § 2255 [that requires precertification by a court of appeals for a second or successive petition] is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases." Id.

     Although the Gonzalez Court limited its holding to 28 U.S.C. § 2254 proceedings, this Court concludes that decision is equally persuasive in cases in which a Rule 60(b) motion attacks the underlying federal conviction following an adverse ruling in a federal habeas proceeding. While the AEDPA does not expressly limit the operation of Rule 60(b), the AEDPA habeas restrictions are relevant because Rule 60(b), like the rest of the Federal Rules of Civil Procedure, applies only "to the extent that [it is] not inconsistent with" applicable federal statutory

provisions and rules. 28 U.S.C. § 2255 Rule 12; see Fed. R. Civ. Proc. 81(a)(2); compare Gonzalez, 125 S.Ct. at 2646. The provisions in § 2254 and § 2255 requiring certification by a court of appeals for a second or successive habeas petition differ slightly, but these differences are immaterial in determining whether Gonzalez bars second or successive claims for relief that collaterally attack a federal court's judgment of conviction.

This Court is not alone in making this determination. In fact, every court to address whether Gonzalez applies to habeas proceedings under 28 U.S.C. § 2255 has reached the same conclusion. See United States v. Scott, 414 F.3d 815 (7th Cir. 2005); United States v. Terrell, 141 Fed. Appx. 849, 2005 U.S. App. Lexis 14832 (11th Cir. 2005) (nonprecedential); United States v. Murphy, 2005 U.S. Dist. Lexis 23732 (M.D. Pa. Sept. 22, 2005); Williams v. United States, 2005 U.S. Dist. Lexis 19612 (S.D. Ohio Sept. 9, 2005); Kwong v. United States, 2005 U.S. Dist. Lexis 21425 (E.D.N.Y. Aug. 22, 2005); United States v. Reaux, 2005 U.S. Dist. Lexis 17750 (E.D. La. Aug. 16, 2005); United States v. Dawson, 2005 U.S. Dist. Lexis 15632 (N.D. Tex. July 28, 2005); Mosley v. United States, 2005 U.S. Dist. Lexis 21886 (W.D. Tex. July 14, 2005). Although none of these decisions specifically addressed the independent action provisions of Rule 60(b), the Court nonetheless finds the decisions to be instructive.

This Court's decision to extend the reasoning in Gonzalez to § 2255 habeas motions is consistent with the Third Circuit decision in Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In Pridgen, the Court of Appeals noted that, by enacting AEDPA, Congress intended to limit the ability of a prisoner to file "an endless stream of habeas petitions." 380 F.3d at 727. The Court held that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id. Although the

Case 2:94-cr-00276-JD   Document 310   Filed 10/26/05   Page 9 of 10

decision in Pridgen arose out of § 2254 habeas proceedings, this Court concludes that the reasoning is equally compelling in the § 2255 context.

The Court concludes that, under Gonzalez and Pridgen, petitioner's Independent Action under Rule 60(b) must be construed as a second or successive habeas corpus motion. By alleging that the FBI's I-drive contains exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), petitioner collaterally attacks the merits of his underlying federal conviction. Although petitioner styled his motion as an Independent Action under Rule 60(b) to avoid the substantive gatekeeping provisions governing second or successive § 2255 habeas petitions, the petitioner's collateral attack is precisely what the AEDPA sought to limit under 28 U.S.C. § 2255. As such, petitioner is required to file an application with the Court of Appeals seeking authorization for this Court to consider the Independent Action under Rule 60(b). See 28 U.S.C. § 2244(b)(3). Because the petitioner has failed to do so, this Court is precluded from reaching the merits of the Independent Action under Rule 60(b).

C. Certificate of Appealability

In the Third Circuit, a certificate of appealability from the denial of a Rule 60(b) motion is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999). The Court finds that petitioner has not made such a showing, and therefore it will not issue a certificate of appealability.

**IV.    CONCLUSION**

For the foregoing reasons, petitioner's Independent Action Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") Savings Clause Seeking Modification of the July 17, 2000 Memorandum and Order Due to the Discovery of Facts Amounting to a Fundamental Injustice and/or an Unjust Judgment is dismissed without prejudice. The Court will not issue a certificate of appealability because petitioner has not made a substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c).

An appropriate Order follows.