IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NATHANIEL SWINT<br>　　　　　　Defendant. | :<br>:<br>:　CRIMINAL ACTION<br>:　NO. 94-276<br>:<br>:<br>:<br>:<br>: |

**DuBOIS, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**FEBRUARY 1, 2008**

## M E M O R A N D U M   A N D   O R D E R

### M E M O R A N D U M

**I.　INTRODUCTION**

Presently before the Court are the following four *pro se* motions filed by defendant Nathaniel Swint:

1. "Motion for Relief from the July 17, 2000 Memorandum and Order Issued Due to Fraud on the Court by the Government Arguably Related as the Interposition of Movant's Exercise of His Statutory Right to Sue for His Liberty Under 28 U.S.C. § 2255, With a Request for an Evidentiary Hearing" ("Motion for Relief") (Document No. 376, filed October 23, 2007);

2. "Motion for Leave to Supplement Facts Fraudulently Concealed by the Government During Movant's 28 U.S.C. § 2255 Proceeding, With a Request for an Evidentiary Hearing" ("Motion for Leave to Supplement") (Document No. 377, filed October 23, 2007);

3. "Motion to Supplement Movant's 28 U.S.C. § 2255 Motion with Documental Facts in Support of His Motion for Discovery During His § 2255 Proceeding Denied for Lack of Good Cause Concealed by the Government, With a Request for an Evidentiary Hearing" ("Motion to Supplement Movant's 28 U.S.C. § 2255 Motion") (Document No. 379, filed October 23, 2007);

4. "Motion to Correct This Court's Judgment Issued September 20, 1996 and Entered September 24, 1996, Due to a Mistake Recently Recognized in <u>United</u>

States v. Fisher, 3rd Cir. No. 06-1795, 9/10/07, With a Request for an Evidentiary Hearing" ("Motion to Correct This Court's Judgment") (Document No. 378, filed October 23, 2007).

For the reasons set forth below, the Motion for Relief and the Motion for Leave to Supplement are denied. Further, the Motion to Supplement Movant's 28 U.S.C. § 2255 Motion, to the extent it is a second or successive habeas petition, is dismissed without prejudice. In all other respects, the Motion to Supplement Movant's 28 U.S.C. § 2255 Motion is denied. Finally, the Motion to Correct This Court's Judgment is dismissed without prejudice.

## II. BACKGROUND

A detailed factual and procedural history is included in three previously reported opinions in this case. See United States v. Swint, 2005 WL 2811749, at *1-2 (E.D. Pa. Oct. 25, 2005); United States v. Swint, 2000 WL 987861, at *1 (E.D. Pa. July 17, 2000) (post-conviction procedural history); United States v. Swint, 1996 WL 383118 (E.D. Pa. July 2, 1996) (factual history and analysis of *pro se* post-trial motions). Accordingly, this Memorandum sets forth only the factual and procedural history necessary to explain the Court's ruling.

This case arises out of the distribution of heroin and cocaine that defendant obtained from an FBI Special Agent who had stolen massive quantities of drugs from the FBI's evidence control room. Defendant was charged in a four count Indictment. Count One of the Indictment charged that from in or about January 1994, through in or about March 1994, defendant conspired to distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. Count Two charged that between in or about January 1994, and in or about March 1994, defendant possessed, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1). Count Three charged

that between in or about January 1994, and in or about March 1994, defendant possessed, with intent to distribute, in excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).  Count Four charged that from in or about April 1994, through in or about May 1994, defendant attempted to possess, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 846.

On February 24, 1995, a jury convicted defendant of all four counts.  Swint, 1996 WL 383118, at *1.  This Court sentenced defendant on September 20, 1996.  The Court calculated defendant's sentence under the November 1, 1995 edition of the United States Sentencing Guidelines ("Sentencing Guidelines").  See U.S. Sentencing Guidelines Manual § 1B1.11(a) (1995).  Under §§ 3D1.2(b) and (d) of the Sentencing Guidelines, all four counts were grouped together for the purpose of calculating the Guideline sentence.  The applicable Guideline for the underlying statute of conviction, § 841(a)(1), was § 2D1.1.  See id. at App. A.

This Court determined drug quantity based on the trial evidence, the Presentence Investigation Report dated May 10, 1995, and the Addendum to the Presentence Report dated September 12, 1996.  Based on all such evidence, the Court concluded that defendant was criminally responsible for one kilogram of heroin (Count Two), four kilograms of cocaine (Count Three), and attempted possession of approximately three kilograms of heroin (Count Four).  The Court also found that during the course of the conspiracy, defendant received two one ounce samples of heroin, which were included in the drug quantity under § 1B1.3 of the Sentencing Guidelines.  Thus, the base offense level was computed using four kilograms of heroin, four kilograms of cocaine, and two ounces of heroin.  See Presentence Report ¶ 32.

Because two different substances were involved - heroin and cocaine - the Court converted the substances into a common substance, marijuana, and determined that defendant

3

was criminally responsible for the equivalent of 4,856.7 kilograms of marijuana. For that drug quantity, the base offense level (and the total offense level) was 34. Given defendant's Criminal History Category, Category IV, the Guideline Imprisonment Range was 210 to 262 months imprisonment for all counts. Swint, 2000 WL 987861, at *12 n.14.

Prior to sentencing, the Government filed an Information under 21 U.S.C. § 851 setting forth two previous felony drug convictions for use in seeking increased punishment. As a result of the filing of the Information, and the drug quantity involved, there was a mandatory minimum sentence of life imprisonment on Counts Two and Four. See 21 U.S.C. § 841(b)(1)(A).[1] Pursuant to § 5G1.1(b) of the Guidelines, the mandatory minimum sentence on those counts was deemed to be the Guideline sentence, and the Court imposed that sentence.

As a result of the filing of the Information, and the drug quantity involved, there was a mandatory minimum sentence of ten years on Counts One and Three. See 21 U.S.C. § 841(b)(1)(B).[2] Because the Guideline Imprisonment Range for Counts One and Three - 210 to 262 months - exceeded the mandatory minimum sentence, the Court imposed concurrent

---

[1] 21 U.S.C. § 841(b)(1)(A) provides, in relevant part:
In the case of a violation of subsection (a) of this section involving – (i) 1 kilogram or more of a mixture or substance containing a detectable amount of heroin . . . If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

[2] 21 U.S.C. § 841(b)(1)(B) provides, in relevant part:
In the case of a violation of subsection (a) of this section involving – (i) 100 grams or more of a mixture or substance containing a detectable amount of heroin; (ii) 500 grams or more of a mixture or substance containing a detectable amount of . . . cocaine . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . .

sentences of 250 months on Counts One and Three.  The sentence on Counts One and Three was ordered to run concurrently with the sentence on Counts Two and Four.

On August 8, 1997, the United States Court of Appeals for the Third Circuit affirmed defendant's conviction and sentence.  United States v. Swint, 127 F.3d 1097 (Table) (3d Cir. 1997).  Defendant then filed a petition for a writ of certiorari in the United States Supreme Court.  Certiorari was denied on May 4, 1998, and defendant's conviction became final on that date.  Swint, 2000 WL 987861, at *5.

After his conviction, defendant, who was active in his own defense, filed numerous post-verdict motions.  All motions were denied by this Court, including a habeas motion under 28 U.S.C. § 2255. See Swint, 2000 WL 987861, at *20.  Defendant has since filed numerous motions seeking relief from this Court's denial of his habeas motion.  All such motions were either dismissed or denied by this Court.  These motions will be discussed in this Memorandum only to the extent necessary to explain the Court's ruling on the pending matters.  All appeals to the Third Circuit were rejected.

### III.    DISCUSSION

**A.    "Motion for Relief from the July 17, 2000 Memorandum and Order Issued Due to Fraud on the Court by the Government Arguably Related as the Interposition of Movant's Exercise of His Statutory Right to Sue for His Liberty Under 28 U.S.C. § 2255, With a Request for an Evidentiary Hearing" ("Motion for Relief")**

In this motion, defendant argues that the Government committed fraud on the Court by not bringing to the Court's attention, in its responses to defendant's § 2255 motion and amendments, an FBI 302 Form covering an October 21, 1994 interview of former SA Kenneth Withers.  See Mot. for Relief, Ex. 1.  Kenneth Withers was a Special Agent with the FBI who

5

was charged with stealing massive quantities of drugs from an FBI evidence control room. Swint, 1996 WL 383118, at *1. He was prosecuted for his actions, pled guilty, and was sentenced to 25 years' imprisonment. Id. The Withers interview concerned the theft of narcotics from an FBI evidence vault and of $25,000 from an FBI safe. Mot. for Relief, Ex. 1. Defendant states that the FBI 302 Form "involved the credibility" of former SA Withers and "the entire 2 Squad, which was responsible for the investigation of Movant's case as well as assisting the prosecution." Id. at 3. Defendant argues that had the Court known of the FBI 302 Form, and that 2 Squad was the subject of the newspaper article underlying part of his § 2255 claim, "further inquiry [would have been] appropriate," because the form cast "doubt upon the correctness of [defendant]'s conviction." Id. at 3-5.

In advancing this claim, defendant seeks relief from the Court's July 17, 2000 Memorandum and Order denying his habeas motion under the independent action provision of Federal Rule of Civil Procedure 60(b).[3] Id. at 5. Defendant argues that the Government's "fraudulent concealment" of the FBI 302 Form denied him a full and meaningful opportunity to be heard with respect to his habeas motion, and that a real question exists as to whether the Court would have denied the motion had it known of the form. Id. at 6. Because defendant's Rule 60 motion "attacks the manner in which the earlier habeas judgment was procured and not [his] underlying conviction," defendant's motion is not a second or successive habeas motion and may be adjudicated on the merits. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004); accord

---

[3] At the time that defendant filed his Motion for Relief, the language authorizing relief through an independent action alleging fraud on the court was found in Rule 60(b). Pursuant to an Amendment effective December 1, 2007, such relief is now available under Rule 60(d). The change is "intended to be stylistic only." F.R.C.P. 60, Notes of Advisory Committee on 2007 amendments.

Gonzalez v. Crosby, 545 U.S. 524 (2005).

As alternative avenues of relief, defendant asks, in his letter of December 26, 2007,[4] for the Court to (1) issue a writ of error *coram nobis* and/or (2) issue a writ of *audita querela*. In his letter, defendant also requests appointment of counsel and further briefing.

In his motion, defendant argues that the Government had a duty to disclose the FBI 302 Form to the Court. Mot. for Relief, at 2. However, a prosecutor's duty to disclose exculpatory evidence is owed to the defendant himself, not the Court. See United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83 (1963). At this juncture, the Court does not know whether the Government ever turned the FBI 302 Form detailing the October 21, 1994 interview of former SA Kenneth Withers over to the defense. The Court can say with certainty only that this FBI 302 Form was not produced as evidence at trial, and that defendant had knowledge and possession of the FBI 302 Form by the time he filed a successive habeas motion on April 25, 2007 (*Pro Se* Habeas Corpus Motion Under 28 U.S.C. § 2255 (Doc. No. 359)). Under these circumstances, the Court will decide this motion, as well as defendant's Motion for Leave to Supplement and Motion to Supplement Movant's 28 U.S.C. § 2255 Motion, under the assumption that the FBI 302 Form was not turned over to the defense in advance of the Court's July 17, 2000 Memorandum and Order, notwithstanding the absence of evidence other than defendant's statement to this effect.

Defendant's motion must be denied because the conduct alleged here does not amount to fraud on the court. The Third Circuit stated in Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) that "a determination of fraud on the court may be justified only by 'the most

---

[4] A copy of petitioner's December 26, 2007 letter to the Court shall be docketed by the Deputy Clerk.

7

egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" (Citing In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir. 1976)). Examples of such "egregious misconduct" include "bribery of a judge or jury or fabrication of evidence by counsel." Herring, 424 F.3d at 190 (citing In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d at 195).

Assuming that the Government did not turn the FBI 302 Form over to the defense in advance of the Court's denial of defendant's habeas motion, such a failure to produce does not constitute fraud on the court as defined in Herring. First, the Government's apparent failure to provide the FBI 302 Form to the defense was not "misconduct directed to the court itself." Herring, 424 F.3d at 387. As stated above, a prosecutor's duty to disclose exculpatory evidence is owed to the defendant himself, not the Court. See Agurs, 427 U.S. 97; Brady, 373 U.S. 83. Second, this failure to produce is not the type of "egregious conduct" that the prohibition on fraud on the court aims to address. Herring, 424 F.3d at 390 (internal citations omitted). The examples of fraud on the court provided in Herring, "bribery of a judge or jury or fabrication of evidence by counsel," involve conduct that interferes with the proper functioning of the judicial machinery in a direct and significant way. Id. In this case, however, the Government's failure to turn over the FBI 302 Form to the defense did not impair the functioning of the Court.

Finally, defendant's present motion cannot overcome the demanding standard governing independent actions under Rule 60. As stated by the Supreme Court in United States v. Beggerly, 524 U.S. 38, 47 (1998), an independent action is "available only to prevent a grave miscarriage of justice." "Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed

sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." Id. at 46 (internal citations omitted). Defendant's motion does not present "sufficiently gross" circumstances to warrant relief under the independent action provision of Rule 60. Id. at 46. The FBI 302 Form underlying this motion recounts former SA Withers' denial of any involvement in the theft of $25,000 from the 2 Squad safe and his statement that he had only had access to the safe when it was opened for him by an agent assigned to 2 Squad. Mot. for Relief, Ex. 1. This report does not call into question the credibility of 2 Squad or its work on defendant's case. No "grave miscarriage of justice" was occasioned by the fact that the FBI 302 Form was not presented in defendant's case. Beggerly, 524 U.S. at 47. Because the Court does not find any fraud on the court in this case, and because defendant cannot meet the stringent requirements for justifying an independent action under F.R.C.P. 60, defendant's request for relief under F.R.C.P. 60 is denied.

Swint's alternative requests for a writ of error *coram nobis* and/or a writ of *audita querela* also must be denied. "The writ of error *coram nobis* is available to federal courts in criminal matters under the All Writs Act." United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989) (citing 28 U.S.C. § 1651(a)). The writ of error *coram nobis* is exclusively available "when the petitioner has served his sentence and is no longer 'in custody' for purposes of" 28 U.S.C. § 2255. Stoneman, 870 F.2d at 105-06 (citing 28 U.S.C. § 2255). Because defendant is still incarcerated, serving his sentence for the crimes of conviction in this case, the writ of error *coram nobis* is not available to defendant.

The writ of *audita querela*, like the writ of error *coram nobis*, is available to federal courts in criminal cases under the All Writs Act. 28 U.S.C. § 1651(a). The All Writs Act is "a residual source of authority to issue writs in exceptional circumstances only." Hazard v.

Samuels, 206 Fed. App'x 234, 236 (3d Cir. 2006) (citing Pennsylvania Bureau of Correction v. U.S. Marshal Serv., 474 U.S. 34, 43 (1985)).  Against the backdrop of United States v. Morgan, 346 U.S. 502, 510 (1954), in which the Supreme Court held that § 2255 did not "cover the entire field" of post-conviction relief for federal prisoners, circuit courts have determined that the common law writs "can be used to the extent that they 'fill in the gaps' in post-conviction remedies."  United States v. Hannah, 174 Fed. App'x 671, 673 (3d Cir. 2006) (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)).  Because F.R.C.P. 60(b)(3) addresses the situation presented by defendant's claim that the Government improperly failed to produce information, defendant may not resort to the exceptional remedy of the writ of *audita querela*.

In his letter of December 26, 2007, defendant requests appointment of counsel and further briefing on this motion.  Because the Court concludes that defendant's Motion for Relief is without merit, these requests are denied.

**B.      "Motion for Leave to Supplement Facts Fraudulently Concealed by the Government During Movant's 28 U.S.C. § 2255 Proceeding, With a Request for an Evidentiary Hearing" ("Motion for Leave to Supplement")**

In this motion, defendant seeks, under F.R.C.P. 15(a)-(c), to supplement the facts presented in his § 2255 motion with the FBI 302 form discussed above in the context of the Motion for Relief.  Because the Court denied the Motion for Relief, concluding that defendant is not entitled to relief from the Court's July 17, 2000 Memorandum and Order denying his habeas motion, the Court denies the Motion for Leave to Supplement as moot.

C.  **"Motion to Supplement Movant's 28 U.S.C. § 2255 Motion with Documental Facts in Support of His Motion for Discovery During His § 2255 Proceeding Denied for Lack of Good Cause Concealed by the Government, With a Request for an Evidentiary Hearing" ("Motion to Supplement Movant's 28 U.S.C. § 2255 Motion")**

In this motion, defendant seeks, under F.R.C.P. 60(b) and 15(a)-(c), to supplement his § 2255 motion with the FBI 302 Form also at issue in the Motion for Relief and the Motion for Leave to Supplement. Defendant argues that such relief is justified for two reasons: (1) the Government failed to produce this document during trial, which limited defense counsel's ability to cross-examine former SA Withers and (2) at the close of evidence, the Government "vouched" for the 2 Squad. Mot. to Supplement Movant's 28 U.S.C. § 2255 Motion, at 2. Defendant appears to argue that had the Government produced the FBI 302 Form, a newspaper article about FBI agents suspected of stealing drugs would have been admissible, the jury would have known that 2 Squad was suspected of theft, and thus "a reasonable doubt could have been formed as to [defendant]'s guilt." Id.

To the extent that this motion seeks to supplement defendant's original § 2255 motion, the Court's analysis of the Motion for Leave to Supplement applies equally here. Because the Court denied the Motion for Relief, concluding that defendant is not entitled to relief from the Court's July 17, 2000 Memorandum and Order denying his habeas motion, to the extent it seeks to supplement defendant's § 2255 motion, the Court denies the Motion to Supplement Movant's 28 U.S.C. § 2255 Motion, as moot.

This motion can also be construed as directly attacking defendant's conviction, referencing as it does the jury and its decision. Mot. to Supplement Movant's 28 U.S.C. § 2255 Motion, at 2. However, as this Court held in a previous opinion in this case, a motion under F.R.C.P. 60(b) attacking a defendant's underlying conviction is construed as a second or

11

successive habeas petition. Swint, 2005 WL 2811749, at *4. As such, defendant is required to file an application with the Court of Appeals seeking authorization for this Court to consider the motion. Because defendant has not done so, to the extent that it is a second or successive habeas motion, this Court is precluded from reaching the merits of the Motion to Supplement Movant's 28 U.S.C. § 2255 Motion. 28 U.S.C. § 2244; Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). Thus, to the extent this motion is a second or successive habeas motion, the Court dismisses the motion without prejudice.

**D.** **"Motion to Correct This Court's Judgment Issued September 20, 1996 and Entered September 24, 1996, Due to a Mistake Recently Recognized in United States v. Fisher, 3rd Cir. No. 06-1795, 9/10/07, With a Request for an Evidentiary Hearing" ("Motion to Correct This Court's Judgment")**

In this motion, defendant challenges this Court's determination of drug quantity in calculating his sentence, and thus the sentence itself.[5] Defendant argues that this Court misunderstood the law at the time of sentencing and improperly sentenced defendant based upon drug quantities found by the Court and not the jury. Mot. to Correct This Court's Judgment, at 4. Specifically, defendant argues that, at the time of his sentencing, the case of United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990), was controlling precedent in the Third Circuit and that Kikumura barred the Court from finding drug quantities and sentencing defendant as it did.[6]

---

[5] This is not the first time that defendant has attempted to challenge this Court's determination of drug quantity. See United States v. Swint, 2006 WL 1737236, at *3 (E.D. Pa. Jun. 23, 2006); *Pro Se* Motion for Modification of Term of Imprisonment (Doc. No. 345, filed January 8, 2007); *Pro Se* Motion for Reconsideration (Doc. No. 349, filed February 14, 2007). All such challenges were rejected.

[6] In United States v. Fisher, 502 F.3d 293, 306 (3d Cir. 2007), the Third Circuit held that its opinion in United States v. Kikumura, 918 F.2d 1084 (3d Cir. 1990), "is no longer valid" under an Advisory Guidelines scheme. Kikumura had held that if "the magnitude of a contemplated departure is sufficiently great that the sentencing hearing can fairly be

Mot. to Correct This Court's Judgment, at 2-3.  Defendant thus argues that his sentence is "illegal."  Id. at 4.

Defendant's motion is not properly filed under the Rules cited in the motion.  Defendant first asserts a claim for relief under Federal Rule of Criminal Procedure 36.  Mot. to Correct This Court's Judgment, at 2.  Rule 36 allows for correction of a "clerical error in a judgment, order, or other part of the record."  Fed. R. Crim. P. 36.  In United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005), the Third Circuit stated that Rule 36 is "limited to the correction of *clerical* errors in the judgment" and "provides no basis to correct substantive errors in the sentence."  Because defendant is alleging that the Court committed a substantive mistake, not a clerical error, by sentencing him as it did, relief is not available under Federal Rule of Criminal Procedure 36.

The above analysis also applies to defendant's alternative argument for relief under Federal Rule of Civil Procedure 60(a).  Mot. to Correct This Court's Judgment, at 4.  As the Third Circuit has stated, Rule 60(a) is "limited to the correction of 'clerical mistakes'; it encompasses only errors 'mechanical in nature, apparent on the record, and not involving an error of substantive judgment.'"  Pfizer, Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005) (citing Mack Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 594 n. 16 (3d Cir. 1988)).  Because defendant alleges that the Court committed a substantive error in determining drug quantity, relief under Rule 60(a) is not appropriate.

Finally, defendant asserts that relief should be available under Federal Rule of Criminal Procedure 35(a).  Mot. to Correct This Court's Judgment, at 3-4.  Rule 35(a) provides, "[w]ithin

---

characterized as 'a tail which wags the dog of the substantive offense,' . . . the factfinding underlying that departure must be established at least by clear and convincing evidence."  918 F.2d at 1101 (citing McMillan v. Pennsylvania, 477 U.S. 79, 88 (1986)).

13

7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Because defendant was sentenced more than ten years ago, such relief is clearly time-barred.

In this motion, defendant argues that his sentence is illegal.  Mot. to Correct This Court's Judgment, at 4.  As such, defendant indirectly invokes the protections of 28 U.S.C. § 2255. Thus, this motion must be considered a second or successive habeas motion.  Because defendant has not filed an application with the Court of Appeals seeking authorization for this Court to consider the motion, this Court is precluded from reaching the merits of this motion.  28 U.S.C. § 2244; Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  For that reason, the Court dismisses the motion without prejudice.

E.   **Certificate of Appealability**

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c). The Court concludes that defendant has not made such a showing with respect to any of the claims raised in the above motions.  Therefore, the Court will not issue a certificate of appealability as to those motions.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies the Motion for Relief and the Motion for Leave to Supplement in their entirety.  The Motion to Supplement Movant's 28 U.S.C. § 2255

Motion, to the extent it is a second or successive habeas petition, is dismissed without prejudice. In all other respects, the Motion to Supplement Movant's 28 U.S.C. § 2255 Motion is denied. Finally, the Motion to Correct This Court's Judgment is dismissed without prejudice.

The Court further denies certificates of appealability as to all motions on the ground that defendant has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | CRIMINAL ACTION |
| : | NO. 94-276 |
| v. : | |
| : | |
| NATHANIEL SWINT : | |
| Defendant. : | |

**O R D E R**

**AND NOW**, this 1st day of February, 2008, upon consideration of the following *pro se* submissions of defendant, Nathaniel Swint, for the reasons set forth in the attached memorandum, **IT IS ORDERED** as follows:

1. The "Motion for Relief from the July 17, 2000 Memorandum and Order Issued Due to Fraud on the Court by the Government Arguably Related as the Interposition of Movant's Exercise of His Statutory Right to Sue for His Liberty Under 28 U.S.C. § 2255, With a Request for an Evidentiary Hearing" (Document No. 376, filed October 23, 2007) is **DENIED**. Defendant's requests for a writ of error *coram nobis*, writ of *audita querela*, appointment of counsel, and further briefing are also **DENIED**.

2. The "Motion for Leave to Supplement Facts Fraudulently Concealed by the Government During Movant's 28 U.S.C. § 2255 Proceeding, With a Request for an Evidentiary Hearing" (Document No. 377, filed October 23, 2007) is **DENIED**.

3. The "Motion to Supplement Movant's 28 U.S.C. § 2255 Motion with Documental Facts in Support of His Motion for Discovery During His § 2255 Proceeding Denied for Lack of Good Cause Concealed by the Government, With a Request for an Evidentiary

Hearing" (Document No. 379, filed October 23, 2007), to the extent that it is a second or successive habeas motion, is **DISMISSED WITHOUT PREJUDICE**.  In all other respects, this motion is **DENIED**.

4. The "Motion to Correct This Court's Judgment Issued September 20, 1996 and Entered September 24, 1996, Due to a Mistake Recently Recognized in <u>United States v. Fisher</u>, 3rd Cir. No. 06-1795, 9/10/07, With a Request for an Evidentiary Hearing" (Document No. 378, filed October 23, 2007), is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that certificates of appealability will not issue with respect to any of the above motions, on the ground that the defendant has not made a substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c).

                                                           **BY THE COURT:**

                                       **/s/ Honorable Jan E. DuBois**
                                             **JAN E. DuBOIS, J.**