IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| Plaintiff, | : | **CR NO. 94-276** |
| | : | |
| vs. | : | **CA NO. 98-5788** |
| | : | |
| **NATHANIEL SWINT** | : | **CA NO. 08-1350** |
| Defendant. | : | |
| | : | |

## ORDER & MEMORANDUM

## ORDER

**AND NOW**, this 11th day of August, 2008, upon consideration of the following *pro se* submissions of defendant, Nathaniel Swint, for the reasons set forth in the attached memorandum, **IT IS ORDERED** as follows:

1. The "Motion to Make Additional Findings of Facts as to the Applicable Rule of Law Governing 'Fraud on the Court' as Oppose [sic] to a 'Grave Miscarriage of Justice,' i.e. Misapprehended and/or Overlooked by the Court on September[1] 1, 2008, in its Memorandum and Order" (Document No. 383, filed February 21, 2008 in CR No. 94-276 and CA No. 98-5788) is **DENIED**.

2. The "Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B) Authorizing District Courts to Modify Sentences Via 28 U.S.C. § 2255 ¶1-2, With a Request for an Evidentiary Hearing" ("Motion to Modify") (Document No 384, filed March 20, 2008 in CR. No. 94-276), as supplemented by Documents Nos. 387, 388, and 389 listed below, is **DENIED**.

---

[1] Defendant identifies the Court's Memorandum and Order as dated September 1, 2008. The actual date of the Memorandum and Order is February 1, 2008.

3. The "Motion for Appointment of Counsel in Order to Insure Movant's Substantive Rights are Enforced and Adjudicated with Equal Justice, With a Request for an Evidentiary Hearing" (Document No. 385, filed March 20, 2008 in CR No. 94-276) is **DENIED**.

4. The Habeas Corpus Motion Under 28 U.S.C. § 2255 (Document No. 386, filed March 20, 2008 in CR No. 94-276 and CA No. 08-1350) is **DISMISSED WITHOUT PREJUDICE**.

5. The "Letter/Motion for Leave to Supplement and Supplement [to] Movant's 18 U.S.C. § 3582(c)(1)(B) with a Request for Alternative Relief under 28 U.S.C. § 1651(a) Remedial Provisions" (Document No. 387, filed March 28, 2008 in CR No. 94-276), to the extent only that it seeks to supplement defendant's Motion to Modify, is **GRANTED**. To the extent this Letter/Motion seeks further relief from the Court, it is **DENIED**.

6. The "Letter/Motion for Leave to Supplement Movant's 18 U.S.C. § 3582(c)(1)(B) Due to a Procedural Gap Between It and 28 U.S.C. § 994(a)(2)(C)" (Document No. 388, filed May 6, 2008 in CR No. 94-276), to the extent only that it seeks to supplement defendant's Motion to Modify, is **GRANTED**. To the extent this Letter/Motion seeks further relief from the Court, it is **DENIED**.

7. The "Letter/Motion In Light of Burgess v. United States, 553 U.S. ----, 128 S.Ct. ----, 170 L.Ed.2d 478 (2008)" (Document No. 389, filed June 20, 2008 in CR No. 94-276 and CA No. 08-1350), to the extent only that it seeks to supplement defendant's "Motion to Modify," is **GRANTED**. To the extent this Letter/Motion seeks further relief from the Court, it is **DENIED**.

**MEMORANDUM**

I.   **BACKGROUND**

A detailed factual and procedural history is included in three previously reported opinions in this case.  See United States v. Swint, 2005 WL 2811749, at *1-2 (E.D. Pa. Oct. 25, 2005); United States v. Swint, 2000 WL 987861, at *1 (E.D. Pa. July 17, 2000) (post-conviction procedural history); United States v. Swint, 1996 WL 383118 (E.D. Pa. July 2, 1996) (factual history and analysis of *pro se* post-trial motions).  Accordingly, this Memorandum sets forth only the factual and procedural history necessary to explain the Court's ruling.

This case arises out of the distribution of heroin and cocaine that defendant obtained from an FBI Special Agent who had stolen massive quantities of drugs from the FBI's evidence control room.  Defendant was charged in a four count Indictment.  Count One of the Indictment charged that from in or about January 1994, through in or about March 1994, defendant conspired to distribute cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.  Count Two charged that between in or about January 1994, and in or about March 1994, defendant possessed, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 841(a)(1).  Count Three charged that between in or about January 1994, and in or about March 1994, defendant possessed, with intent to distribute, in excess of five hundred grams of cocaine, in violation of 21 U.S.C. § 841(a)(1).  Count Four charged that from in or about April 1994, through in or about May 1994, defendant attempted to possess, with intent to distribute, in excess of one kilogram of heroin, in violation of 21 U.S.C. § 846.

On February 24, 1995, a jury convicted defendant of all four counts. <u>Swint</u>, 1996 WL 383118, at *1. This Court sentenced defendant on September 20, 1996, to life imprisonment on Counts Two and Four, with the sentences to run concurrently, and 250 months imprisonment on Counts One and Three, with the sentences to run concurrently with each other and with the sentence imposed on Counts Two and Four.

On August 8, 1997, the United States Court of Appeals for the Third Circuit affirmed defendant's conviction and sentence. <u>United States v. Swint</u>, 127 F.3d 1097 (Table) (3d Cir. 1997). Defendant then filed a petition for a writ of certiorari in the United States Supreme Court. Certiorari was denied on May 4, 1998, and defendant's conviction became final on that date. <u>Swint</u>, 2000 WL 987861, at *5.

After his conviction, defendant, who was active in his own defense, filed numerous post-verdict motions. All motions were denied by this Court, including a habeas motion under 28 U.S.C. § 2255. <u>See</u> <u>Swint</u>, 2000 WL 987861, at *20. Defendant has since filed numerous motions seeking relief from this Court's denial of his habeas motion. All such motions were either dismissed or denied by this Court. These motions will be discussed in this Memorandum only to the extent necessary to explain the Court's ruling on the pending motions. All appeals to the Third Circuit were rejected.

**II.   DISCUSSION**

**A.   "Motion to Make Additional Findings of Facts as to the Applicable Rule of Law Governing 'Fraud on the Court' as Oppose [sic] to a 'Grave Miscarriage of Justice,' i.e. Misapprehended and/or Overlooked by the Court on September 1, 2008, in its Memorandum and Order" ("Motion for Reconsideration") (Document No. 383)**

In this motion, defendant makes an "Assignment of Errors" to the Court's Memorandum and Order dated February 1, 2008. <u>See</u> <u>United States v. Swint</u>, 2008 WL 314184 (E.D. Pa.

4

February 5, 2008). Because defendant argues that the Court should revise certain holdings in that Memorandum, the Court will construe this motion as a motion for reconsideration ("Motion for Reconsideration").

In his Motion for Reconsideration, defendant first argues that the Court should not have concluded that relief from the Court's July 17, 2000 Memorandum and Order denying defendant's habeas corpus motion was not warranted without first requiring the Government to respond to defendant's accusations of "fraud on the court" and holding an evidentiary hearing on the matter. (Mot. for Reconsideration 6.) Defendant asserts that such a response and hearing are necessary because the Memorandum and Order of February 1, 2008, was not an "informed judgment." (Id. 3.) Defendant also argues that the Court improperly considered his "Motion for Relief from the July 17, 2000 Memorandum and Order Issued Due to Fraud on the Court by the Government Arguably Related as the Interposition of Movant's Exercise of His Statutory Right to Sue for His Liberty Under 28 U.S.C. § 2255, With a Request for an Evidentiary Hearing" ("Motion for Relief") (Document No. 376, filed October 23, 2007) under the independent action provision of Federal Rule of Civil Procedure 60(d). (Mot. for Reconsideration 2-3.)

Defendant next asserts that the Court "misapprehended" defendant's "Motion to Correct This Court's Judgment Issued September 20, 1996 and Entered September 24, 1996, Due to a Mistake Recently Recognized in United States v. Fisher, 3rd Cir. No. 06-1795, 9/10/07, With a Request for an Evidentiary Hearing" ("Motion to Correct This Court's Judgment") (Document No. 378, filed October 23, 2007) with respect to his claim for relief under Federal Rule of Criminal Procedure 36. (Mot. for Reconsideration 7.) Specifically, defendant asserts that the Court improperly viewed his pleading under Rule 36 as "substantive" when he "merely requested

5

the Court issue a 'declaratory judgment' that [defendant] was a victim of the fundamental miscarriage of justice recognized in U.S. v. Fisher, 502 F.3d 297 (3rd Cir. 2007) in light of United States v. Booker, 543 U.S. 220 (2005)." (Mot. for Reconsideration 8.)

Finally, defendant argues that the Court should reconsider denying defendant issuance of a Certificate of Appealability. (Id. 7.)

Three situations justify granting a motion for reconsideration: (1) an intervening change in the controlling law;[2] (2) the availability of new evidence not available when the court issued its Memorandum and Order;[3] or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Enigwe v. United States Dist. Ct. for the Eastern Dist. of Pa., 2006 WL 2884433, at *1 (E.D. Pa. Oct. 6, 2006). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Defendant's arguments in support of his assertion that reconsideration of portions of this Court's February 1, 2008 Memorandum and Order is merited are little more than restatements of the arguments previously made in defendant's submissions in support of his Motion for Relief (Doc. No. 376) and Motion to Correct This Court's Judgment (Doc. No. 378). "A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002).

---

[2] Defendant does not assert that there has been an intervening change in controlling law.

[3] Defendant does not assert the availability of any new evidence that was not available at the time the Court issued its Memorandum and Order dated February 1, 2008.

Further, defendant has not identified any clear error of law that must be corrected or shown any actual "manifest injustice" that granting this Motion for Reconsideration would prevent.  Max's Seafood Cafe, 176 F.3d at 677; Enigwe, 2006 WL 2884433, at *1 (E.D. Pa. Oct. 6, 2006).  The Court addressed defendant's Motion for Relief (Doc. No. 376) under both the fraud on the court and independent action standards because defendant identified the motion as an action alleging fraud on the court under the Savings Clause of Federal Rule of Civil Procedure 60(b) and an "independent action[] alleging fraud upon the court."  (Mot. for Relief 2, 5; Mot. for Leave to Supplement Facts Fraudulently Concealed by the Government During Movant's 28 U.S.C. § 2255 Proceeding (Doc. No. 377, filed Oct. 23, 2007) at 3.)  Similarly, none of defendant's other arguments in his Motion for Reconsideration undermine the Court's legal conclusions in the February 1, 2008 Memorandum.

Defendant has failed to show an intervening change in the controlling law, the availability of new evidence not available when the Court issued its Memorandum and Order of February 1, 2008, or the need to correct a clear error of law or fact or to prevent "manifest injustice."  Max's Seafood Cafe, 176 F.3d at 677; Enigwe, 2006 WL 2884433, at *1 (E.D. Pa. Oct. 6, 2006).  Accordingly, defendant's *pro se* "Motion to Make Additional Findings of Facts as to the Applicable Rule of Law Governing 'Fraud on the Court' as Oppose [sic] to a 'Grave Miscarriage of Justice,' i.e. Misapprehended and/or Overlooked by the Court on September 1, 2008, in its Memorandum and Order" ("Motion for Reconsideration") (Document No. 383) is denied.

**B.     "Motion to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(B) Authorizing District Courts to Modify Sentences Via 28 U.S.C. § 2255 ¶1-2" ("Motion to Modify") (Document No. 384)**

In this motion, defendant argues that 18 U.S.C. § 3582(c)(1)(B) authorizes the Court to modify defendant's sentence under 28 U.S.C. § 2255, and thus gives the Court "jurisdiction to

7

entertain [defendant's] attached 28 U.S.C. § 2255 motion." (Mot. to Modify at 2-3 (referencing defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 (Doc. No. 386, filed March 20, 2008 in CR No. 94-276 and CA No. 08-1350) discussed in Part II.C. below)).

18 U.S.C. § 3582(c)(1)(B) authorizes a Court to "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." However, because defendant's habeas motion (Doc. No. 386) is a second or successive habeas petition, defendant is required to file an application with the Court of Appeals seeking authorization for this Court to consider the motion. Because defendant has not done so, this Court is precluded from reaching the merits of defendant's Habeas Corpus Motion under 28 U.S.C. § 2255. 28 U.S.C. § 2244; Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). Thus, to the extent that defendant seeks in this motion to have the Court consider his Habeas Corpus Motion Under 28 U.S.C. § 2255 (Document No. 386), the motion is denied.

Further, while the Court will consider each of the letter/motion supplements to the Motion to Modify discussed below, because the Court finds defendant's supplemental arguments without merit, the Motion to Modify, as supplemented, is denied in its entirety.

**C.    Habeas Corpus Motion Under 28 U.S.C. § 2255 ("Habeas Corpus Motion") (Document No. 386)**

In this motion, defendant seeks habeas corpus relief. However, this is defendant's fourth habeas corpus motion. As stated above, because defendant's Habeas Corpus Motion is a second or successive habeas petition, defendant is required to file an application with the Court of Appeals seeking authorization for this Court to consider the motion. Because defendant has not done so, this Court is precluded from reaching the merits of defendant's Habeas Corpus Motion.

28 U.S.C. § 2244; Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  Thus, defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 is dismissed without prejudice.

D. **Letter/Motion for Leave to Supplement and Supplement [to] Movant's 18 U.S.C. § 3582(c)(1)(B) with a Request for Alternative Relief under 28 U.S.C. § 1651(a) Remedial Provisions ("Letter/Motion with a Request for Alternative Relief under 28 U.S.C. § 1651(a)") (Document No. 387)**

In this Letter/Motion, defendant supplements his Motion to Modify with a request for relief under the All Writs Act.  Defendant argues that relief is warranted under the All Writs Act because he is a victim of a "'fundamental miscarriage of justice' predicated upon the Sixth Amendment's Jury Clause," as recognized in United States v. Booker, 543 U.S. 220, 244 (2005).  (Letter/Motion with a Request for Alternative Relief under 28 U.S.C. § 1651(a) at 1.)  As explained more fully in his Habeas Corpus Motion discussed in Part II.C. above, defendant asserts that his Sixth Amendment jury trial right was violated because he was "sentenced to mandatory minimums of imprisonments [sic] based upon judge-found facts corresponding to the mandatory minimums . . . under a preponderance of the evidence standard."  (Habeas Corpus Motion 6.)

The All Writs Act is "a residual source of authority to issue writs in exceptional circumstances only." Hazard v. Samuels, 206 Fed. App'x 234, 236 (3d Cir. 2006) (citing Pennsylvania Bureau of Correction v. U.S. Marshal Serv., 474 U.S. 34, 43 (1985)).  Against the backdrop of United States v. Morgan, 346 U.S. 502, 510 (1954), in which the Supreme Court held that § 2255 did not "cover the entire field" of post-conviction relief for federal prisoners, circuit courts have determined that the common law writs "can be used to the extent that they 'fill

9

in the gaps' in post-conviction remedies." United States v. Hannah, 174 Fed. App'x 671, 673 (3d Cir. 2006) (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001)). However, 28 U.S.C. § 2255 provides an avenue for addressing defendant's claim that his sentence violates his constitutional rights. As such, defendant may not resort to the exceptional remedy of the All Writs Act. Thus, this Letter/Motion is granted only to the extent that it seeks to supplement defendant's Motion to Modify. To the extent this Letter/Motion seeks relief from the Court under the All Writs Act, it is denied.

E.   **Letter/Motion for Leave to Supplement Movant's 18 U.S.C. § 3582(c)(1)(B) Due to a Procedural Gap Between It and 28 U.S.C. § 994(a)(2)(C) ("Letter/Motion for Leave to Supplement Due to a Procedural Gap") (Document No. 388)**

In this Letter/Motion, defendant argues that because the Sentencing Commission has not provided a Guideline or Policy Statement for § 3582(c)(1)(B), as directed by Congress in 28 U.S.C. § 994(a)(2)(C), it is "the province of the judiciary to fashion an adequate remedy for every wrong that can be proved in a case over which a court has jurisdiction." (Letter/Motion for Leave to Supplement Due to a Procedural Gap at 2 (citing Bush v. Lucas, 462 U.S. 367, 373 (1985)).

As discussed above, the Court cannot consider defendant's Habeas Corpus Motion and defendant is not entitled to resort to the extraordinary remedy of the All Writs Act. The argument presented in this Letter/Motion does not impact those conclusions. Thus, this Letter/Motion is granted only to the extent that it seeks to supplement defendant's Motion to Modify. To the extent this Letter/Motion seeks further relief from the Court, it is denied.

F.   **Letter/Motion In Light of <u>Burgess v. United States</u>, 553 U.S. ----, 128 S.Ct. ----, 170 L.Ed.2d 478 (2008) ("<u>Burgess</u> Letter/Motion") (Document No. 389)**

In this Letter/Motion, defendant argues that because 18 U.S.C. § 3582(b), "Effect of Finality of Judgment" uses the term "includes" in stating "Notwithstanding the fact that a sentence of imprisonment can subsequently be - - (a) modified pursuant to the provisions of subsection (c); . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes, and in light of the Supreme Court's statement in <u>Burgess v. United States</u> that "the word 'includes' is usually a term of enlargement, and not of limitation," 128 S.Ct. at 1578 n.3 (internal citations omitted), "for the limited purpose authorized by Congress pursuant to 18 U.S.C. § 3582(b)(1), the defendant's judgment of conviction is not final to trigger any statute of limitations concerns under 28 U.S.C. § 2255." (<u>Burgess</u> Letter/Motion at 1.)

Defendant's argument in this Letter/Motion is rejected. <u>Burgess</u> deals with statutory definitions and has absolutely no bearing on whether defendant's sentence constituted a final judgment. Defendant's judgment of conviction of September 20, 1996 became final on May 4, 1998 when the Supreme Court denied defendant's petition for writ of certiorari. Thus, this Letter/Motion is granted only to the extent that it seeks to supplement defendant's Motion to Modify. To the extent this Letter/Motion seeks further relief from the Court, it is denied.

G.   **Motion for Appointment of Counsel in Order to Insure Movant's Substantive Rights are Enforced and Adjudicated with Equal Justice ("Motion for Appointment of Counsel) (Document No. 385)**

In this Motion, Swint seeks appointment of counsel "to navigate through an avenue of statutory relief, i.e., 18 U.S.C. § 3582(c)(1)(B) in conjunction with 28 U.S.C. § 2255." (Mot. for

11

Appointment of Counsel at 1.)  Because the Court denies or dismisses each of defendant's substantive motions addressed in this Memorandum as without merit or improperly before the Court, defendant's Motion for Appointment of Counsel is denied.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
     **JAN E. DUBOIS, J.**