IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Number 94-276 |
| v. | : | |
| NATHANIEL SWINT | : | |

RESPONSE TO COURT ORDER
TO FILE SUPPLEMENTAL RESPONSE
TO DEFENDANT'S MOTION FOR AN
<u>LAFLER EVIDENTIARY HEARING</u>

I. **INTRODUCTION**

On October 2, 2012, the Court issued an Order which directed government counsel to file a Supplemental Response to Defendant Nathaniel Swint's *Lafler* Evidentiary Hearing Motion (Doc. 467 ).[1] The Court's order, more specifically, directed government counsel to provide the court with a copy of any plea agreement entered into between the United States and the defendant. This Reply is submitted in response to the Court's order.

II. **DISCUSSION**

The defendant's motion references a plea agreement which has either been negotiated, or discussed, between Defendant Swint and the United States. In reality, no such agreement exists, nor is there evidence of a plea offer being made to the defendant by government counsel which the defendant rejected on the advice of his counsel. According to the

---

[1] *See Lafler v. Cooper*, ___U.S. ___(2012), 132 S. Ct. 1376 (2012) (to establish the *Strickland v. Washington* test for ineffective assistance of counsel, a defendant must show that there [was] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different)

1

defendant's former trial counsel, Eugene Tinari, he recommended to the defendant that he plead guilty and cooperate with the government in other investigations because of the likelihood that the defendant would be convicted if he proceeded to trial. Mr. Tinari's recommendation was based on his assessment of the persuasive nature of the evidence that the government had amassed against Defendant Swint. The defendant rejected Mr. Tinari's offer because, according to Mr. Tinari, the defendant did not want to implicate members of his family who had been participants in his drug trafficking activities. Mr. Tinari has stated that he will testify in the evidentiary with respect to the foregoing facts if he Court concludes that such a hearing is needed.

    The defendant's decision to proceed to trial was a calculated risk that he undertook. As history has demonstrated, the risk that the defendant undertakes in rejecting a plea recommendation by his or her trial counsel often proves to be fatal because the jury accepted the government's evidence in the case which proved beyond a reasonable doubts the elements of the crimes with which the defendant had been charged.

    By contrast, it was the defense attorney in *Lafler*, unlike Mr. Tinari, who recommended that the defendant reject a plea offer. Both parties agreed in *Lafler* that defense counsel's conduct constituted ineffective assistance of counsel because the defense counsel gave his client advice that represented an incorrect statement of the law.[2]

    Following his conviction and sentence, the defendant has filed numerous motions

---

[2] In brief, the advice that Lafler's defense counsel gave Lafler was that Lafler could not be convicted of attempted murder because he shot the victim "below the waistline." In other words, what Lafler's lawyer was telling is that the woman he has shot in the posterior of her body was unlikely to die from the gunshot wound in the absence of any case law or scientific evidence to support this claim.

and collateral challenges all of which have been rejected by both this Court, as well as the Court of Appeals for the Third Circuit.

### III.   CONCLUSION

To be clear, there was no written or verbal plea agreement offered to the defendant by counsel for the United States. The defendant's prior counsel admits that he suggested to the defendant that he consider pleading guilty based on counsel assessment of the government's evidence. The defendant rejected his counsel advice, proceeded to trial, and was convicted.

At the risk being cynical, Defendant Swint has made it practice of keeping track of every case issued by the Third Circuit and the Supreme Court for the purpose of trying to rewrite the facts of his case in an attempt to craft an argument which would support his contention that he did not receive a fair trial because of his trial counsel was ineffective.  The actual facts at issue in his case do not fit within the factual parameters of *Lafler*.  As such, his motion for relief under *Lafler* should be rejected.

Respectfully submitted,

ZANE DAVID MEMEGER
UNITED STATES ATTORNEY

/Floyd J. Miller
_____
Floyd J. Miller
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Government's Response to Defendant's Motion for a Lafler Evidentiary Hearing was served upon the defendant at the address below by United States Mail, postage prepaid and that a copy of the same was also served upon the defendant's former trial counsel at the address listed below this 28th day of September 28, 2012. A copy of the Government's Response was also electronically filed with the Clerk of Count for the United States District Court, Eastern District of Pennsylvania.

Nate Swint, Pro Se
#34469-066
United States Prison - Allenwood
Post Office Box 3000
White Deer, PA 17887-3000

Eugene Tinari, Esquire
Attorney & Counselor at Law
1500 John F. Kennedy Blvd.
Suite 1910
Philadelphia, PA 19102

Lee J. Dobkins, Esq.
Deputy General Counsel for the
University and Chief Counsel for Penn Medicine
3620 Hamilton Walk
Philadelphia, PA 19104

/Floyd J. Miller
_____
Floyd J. Miller
Assistant United States Attorney