**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 94-276** |
| | : | |
| **NATHANIEL SWINT** | : | |

_____ :

### O R D E R

**AND NOW**, this 5th day of October, 2012, upon consideration of defendant's <u>pro se</u> Motion For Evidentiary Hearing Pursuant To Lafler (Document No. 465, filed September 20, 2012), Government's Response to Defendant's Motion for a *Lafler* Evidentiary Hearing (Document No. 467, filed October 1, 2012), and Response to Court Order to File Supplemental Response to Defendant's Motion for an [sic] Lafler Evidentiary Hearing (Document No. 469, filed October 4, 2012), **IT IS ORDERED** that defendant's Motion For Evidentiary Hearing Pursuant To Lafler is **DISMISSED WITHOUT PREJUDICE** to defendant's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive petition pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

The Court's ruling is based on the following:

1.      Defendant filed a Pro-Se Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 on November 2, 1998.  The Court denied that motion by Memorandum and Order of July 17, 2000.

2.      Thereafter, defendant filed a number of habeas corpus petitions.  The Court dismissed those petitions without prejudice as second or successive habeas corpus petitions.

3.      Defendant's motion for an evidentiary hearing is a successive habeas corpus petition pursuant to 28 U.S.C. § 2244(b)(3)(A).  See United States v. McCune, 2003 WL 22425005 (E.D. Pa. July 24, 2003) (treating a "Motion for an Evidentiary Hearing, Based on Constitutional Issue's [sic]" as a § 2255 motion and denying it as successive).  Defendant is required to obtain authorization from the United States Court of Appeals for the Third Circuit before this Court may consider this successive petition.  28 U.S.C. § 2255(h).  Defendant failed to do so.  The motion is therefore dismissed without prejudice to defendant's right to seek the required authorization for filing a habeas petition from the United States Court of Appeals for the Third Circuit.

**BY THE COURT:**

/s/ Jan E. DuBois

_____

**JAN E. DuBOIS, J.**